## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| JUAN SARAMIENTO<br>8757 Georgia Avenue, Suite 400<br>Silver Spring, Maryland 20910<br><br>*Individually and on Behalf<br>of All Others Similarly Situated*,<br><br>　　　　　Plaintiff,<br>v.<br><br>E. ADAMS, INC.<br>3935 Avion Park Court, Suite A107<br>Chantilly, Virginia 20151<br><br>SERVE:　Andy Choi<br>　　　　　3935 Avion Park Court, Suite A107<br>　　　　　Chantilly, Virginia 20151<br><br>And<br><br>J. ROBERTS, INC.<br>6510 Ryanlynn Drive<br>Fairfax Station, Virginia 22039<br><br>SERVE:　Eric Sohn<br>　　　　　6510 Ryanlynn Drive<br>　　　　　Fairfax Station, Virginia 22039<br><br>And<br><br>ERIC SOHN<br>65510 Ryanlynn Drive<br>Fairfax Station, Virginia 22039<br><br>And<br><br>ANDY CHOI<br>42681 Latrobe Street<br>Chantilly, Virginia 20152<br><br>　　　　　Defendants. | Civil Action No.:<br><br>**<u>JURY TRIAL REQUESTED</u>** |

## PLAINTIFF'S COLLECTIVE ACTION COMPLAINT

Plaintiff Juan Saramiento ("Plaintiff"), individually and on behalf of all others similarly situated, brings this action against E. Adams, Inc. ("E. Adams"), J. Roberts, Inc. ("J. Roberts") (together, "the Companies"), Eric Sohn ("Sohn"), and Andy Choi ("Choi") (together, "the Companies' Owners") (collectively, "Defendants"), for damages and other relief relating to violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") and for other relief as set forth below. Plaintiff states the following as his claims against Defendants:

## OVERVIEW

1. Plaintiff brings his FLSA claims against Defendants on his own behalf, and as a collective action on behalf of all current or former similarly situated individuals that performed carpentry related laborer and construction duties for Defendants' benefit and/or Defendants' customers and client's benefit, who may choose to opt in to this action under 29 U.S.C. § 216(b).

2. By acting as the named plaintiff in this action, Plaintiff hereby provides a written affirmation of his consent to participate as a plaintiff in a collective action seeking recovery of unpaid overtime wages, statutory liquidated damages, and attorney's fees and costs under the FLSA.

3. As described below, Defendants failed to pay Plaintiff and those similarly situated 1.5 times their regular rate of pay for all hours worked over forty (40) in a workweek. By doing so, Defendants have violated the FLSA.

## THE PARTIES

4. Plaintiff is an adult resident of the Commonwealth of Virginia.

2

5. E. Adams is a corporation formed under the laws of the Commonwealth of Virginia that performs carpentry and other construction related duties for clients in Virginia, Maryland, and the District of Columbia.

6. J. Roberts is a corporation formed under the laws of the Commonwealth of Virginia that performs carpentry and other construction related duties for clients in Virginia, Maryland, and the District of Columbia.

7. Notwithstanding that the Companies are formed as two separate legal entities, the operations of each of the Companies is centrally and commonly controlled and operated as a single business operation.

8. Central to the Companies' single business operation are Choi and Sohn who together operate and control the Companies as common owners, corporate officers, and managers.

9. At all times, the Companies' Owners, individually, are and were personally responsible for all business decisions made for the Companies.

10. At all times, the Companies' Owners, individually, managed, supervised, and controlled the Companies' ongoing day-to-day operations.

11. At all times relevant to this action, the Companies' Owners, together, controlled and otherwise exerted total influence over the Companies which all serve the common business purpose of performing carpentry and other construction related duties for clients in Virginia, Maryland, and the District of Columbia.

12. On information and belief, at all times material herein, the Companies, in the aggregate and individually, had had annual gross volume of sales made or business done in an amount exceeding $500,000.00.

13. Upon information and belief, the Companies use or used a common bookkeeper and payroll system, and, upon information and belief, the common bookkeeper and payroll system serves substantially the same function for each of the Companies.

14. At all times material to this action, each of the Defendants qualified as Plaintiff's "employer" or "joint employers" within the meaning and expansive definition of the FLSA.

15. At all times, Defendants were engaged in commerce or in the production of goods for commerce within the meaning of § 3(s)(1) of the FLSA (29 U.S.C. § 203(s)(1)).

16. At all times, Defendants qualified as an "enterprise" within the meaning of § 3(r) of the FLSA (29 U.S.C. § 203(r)).

17. At all times, Plaintiffs and the FLSA Collective were employees who were engaged in commerce or the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## JURISDICTION & VENUE

18. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331, because Plaintiff's claims arise under the FLSA, a Federal statute.

19. This Court has personal jurisdiction over Defendants because Defendants regularly conduct business in the geographic region of the Eastern District of Virginia.

20. Venue is proper in this District under 28 U.S.C. § 1391(b)(1) because Defendants reside within this District, and under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the claims occurred in this District.

## FACTUAL ALLEGATIONS

21. Plaintiff was employed by Defendants to perform carpentry and other related duties for the period of about November 2016 through about February 2020.

22.  The period relevant to Plaintiff's claims in this action is the statutory recovery period, May 2017 through February 2020.

23.  During the relevant period of May 2017 through about January 2019, Plaintiff customarily worked 7:00 AM – 5:30 PM (lunch break from 12:00 PM – 12:30 PM), Monday through Saturday for a weekly total of about sixty (60) hours.

24.  During the period of about February 2019 through about February 2020, Plaintiff customarily worked 7:00 AM – 5:30 PM (lunch break from 12:00 PM – 12:30 PM), Monday through Friday, for a weekly total of about fifty (50) hours.

25.  At all times, Defendants had actual knowledge of all hours Plaintiff worked each week and suffered or permitted Plaintiff to work all hours herein alleged.

26.  For all hours Plaintiff worked, Defendants paid Plaintiff as an hourly employee, paid every other Friday.

27.  During the relevant period, Defendants paid Plaintiff at an hourly rate that started at about $16.00 per hour and was raised periodically to a highest rate of $20.00 per hour.

28.  At all times, Defendants paid Plaintiff at his regular hourly rate for all hours he worked each week including overtime worked over forty (40) hours per week.

29.  At no time did Defendants pay Plaintiff at the time-and-one-half overtime rate required by the FLSA for overtime worked each week over forty (40) hours.

30.  During a substantial portion of Plaintiff's employment, Plaintiff performed carpentry and other related job duties for Defendants' benefit on the Dulles Silver Line Project funded in substantial part by contract between the Companies and/or contractors with whom the Companies are sub-contractors, and with the United States and/or the Commonwealth of Virginia.

31. The contract or contracts controlling work duties performed on the Dulles Silver Line Project with the United States and/or the Commonwealth of Virginia (and/or between contractors and subcontractors performing work on the Dulles Silver Line Project) identify and designate various "Labor Categories" that, pursuant to the terms of the contract, set forth specified guaranteed rates of pay for individuals performing labor on the project.

32. Pursuant to the terms of the contract with the United States and/or the Commonwealth of Virginia (and the subcontract agreements entered into directly by the Companies), Plaintiff was contractually guaranteed "scale" compensation for carpentry duties performed on the Dulles Silver Line Project at an hourly rate not less than $34.37 per hour, inclusive of fringes.

33. At all times while performing duties on the Dulles Silver Line Project, Plaintiff was an intended third-party beneficiary to all contracts setting forth pay scale rates on the Dulles Silver Line Project with third-party beneficiary contractual rights to receive wages specifically set and guaranteed for performance of carpentry job duties on the project.

34. As set forth above, Defendants did not pay Plaintiff at his required "scale" rate but, instead, paid Plaintiff at a substantially lower hourly rate ranging from $16.00 per hour to, at most, $20.00 per hour.

35. Further, in weeks that Plaintiff worked on the Dulles Silver Line Project, Plaintiff worked more than forty (40) hours per week should have been paid time-and-one-half based on this higher "scale rate" for overtime worked over forty (40) hours per week.

36. At all times relevant to this action, Defendants had actual knowledge their failure to pay Plaintiff at required hourly rates and at the FLSA required time-and-one-half rate for

6

overtime worked more than (40) hours per week was in direct violation Plaintiff's third-party contractual rights and of the FLSA overtime pay requirement.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action individually and on behalf and all similarly situated individuals.

38. Plaintiff seeks certification of the following FLSA collective:

> All individuals who perform or performed carpentry and/or other construction related duties for Defendants and, at any time during the three (3) years prior to the filing of this Complaint through the entry of judgment, worked more than forty (40) hours in a week and were not paid by Defendants at the time-and-one-half rate for overtime hours worked more than forty (40) hours in that week (the "FLSA Collective").

39. Pursuant to the FLSA, 29 U.S.C. § 207, employers are generally required to pay overtime compensation at a rate of 1.5 times an employee's regular rate of pay for hours worked over forty (40) in a workweek.

40. At all times relevant, Defendants paid Plaintiff and other similarly situated individuals at their "straight pay" regular hourly rate for all hours worked including overtime hours worked over forty (40) hours per week.

41. At all times relevant to this action, Plaintiff and those similarly situated have worked more than forty (40) hours per workweek for Defendants without receiving proper overtime compensation for their overtime hours worked.

42. Because of Defendants' failure to pay Plaintiff and those similarly situated the overtime compensation required by law, Defendants have violated the provisions of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2).

43. Defendants knowingly, willfully, or in reckless disregard of the law, maintained an illegal practice of failing to pay Plaintiff and the FLSA Collective proper overtime compensation for all hours worked over forty (40).

## CAUSES OF ACTION

### COUNT I
### UNPAID OVERTIME WAGES
**FAIR LABOR STANDARDS ACT – 29 U.S.C. § 201,** *et seq.*
On Behalf of Plaintiff and the FLSA Collective

44. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

45. The FLSA, 29 U.S.C. § 207, requires employers to pay non-exempt employees 1.5 times the regular rate of pay for all hours worked over forty (40) hours per workweek.

46. Defendants suffered and permitted Plaintiff and those similarly situated to routinely work more than forty (40) hours in a workweek without proper overtime compensation as required by the FLSA, 29 U.S.C. § 201 *et seq.* and its implementing regulations.

47. Defendants knew, or showed reckless disregard for the fact, that they failed to pay these individuals proper overtime compensation in violation of the FLSA.

48. Defendants' failure to comply with the FLSA overtime protections caused Plaintiff and those similarly situated to suffer loss of wages and interest thereon.

49. Plaintiff and those similarly situated are entitled to unpaid overtime, liquidated damages, and attorney's fees and costs under the FLSA.

**WHEREFORE**, Plaintiff, individually and on behalf of those similarly situated, prays for relief as follows:

A. Permitting this case to proceed as a collective action under § 216(b) of the FLSA and ordering notice to the putative plaintiffs at the earliest opportunity to ensure their claims are not lost to the FLSA statute of limitations;

B. Judgment against Defendants, jointly and severally, for violation of the overtime provisions of the FLSA;

C. Judgment that Defendants' violations of the FLSA were willful;

D. An award to Plaintiff and those similarly situated in the amount of unpaid overtime wages and liquidated damages;

E. An award of any pre- and post-judgment interest;

F. An award of reasonable attorneys' fees and costs to be determined by post-trial petition;

G. Leave to add additional plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

H. Such further relief as may be necessary and appropriate.

## COUNT II
## UNAUTHORIZED USE OF NAME OR PICTURE
### Va. Code Ann. § 8.01-40

50. Plaintiff re-alleges and incorporates by reference the above paragraphs as if fully set forth herein.

51. During the period of at least February 2020 and ongoing through the present, Defendants have, without Plaintiff's consent, knowingly and intentionally used and misappropriated Plaintiff's picture, identification information, and Social Security Number.

52. During the period of at least February 2020 and ongoing through the present, Defendants have, without Plaintiff's consent, used Plaintiff's picture, personal identification

number, and personal Social Security Number for use by current employees of Defendants that are undocumented and/or are not authorized to enter or work on Defendants' projects.

53. Defendants have, without Plaintiff's consent, used Plaintiff's personal information to assist Defendants in providing low-cost labor and, in so doing, successfully bidding on construction projects Defendants could not otherwise secure but for its ongoing scheme to use and misappropriate Plaintiff's personal information.

54. Without Plaintiff's consent, Defendants used and misappropriated Plaintiff's picture, personal identification information, and Social Security Number and assigned this information to one or more of its laborer employees to perform work and earn income on a construction project at the Circuit Court in Fairfax County, Virginia.

55. Plaintiff has requested Defendants immediately cease unauthorized use of Plaintiff's picture, personal information, and Social Security Number, but, on information and belief, Defendants have continued ongoing unauthorized use of Plaintiff's name, picture, and other identifying information.

56. Plaintiff has suffered damage to his name and reputation as well as ongoing mental and emotional stress and strain arising out of Defendants' ongoing and unauthorized use of Plaintiff's picture, personal information, and Social Security Number.

57. Defendants have acted knowingly, with bad intent, and with actual malice in their ongoing unauthorized use of Plaintiff's picture, personal information, and Social Security Number for their personal financial gain. For such malicious and wanton behavior, Plaintiff is owed entitled to an award of punitive damages.

WHEREFORE, Plaintiff prays for relief as follows:

A. Judgment against Defendants, jointly and severally, for unauthorized use of Plaintiff's name and/or picture in violation of Va. Code Ann. § 8.01-40;

B. An award of compensatory damages to Plaintiff in the amount of $75,000;

C. An award of punitive damages to Plaintiff in the amount of $350,000;

D. An award of any pre- and post-judgment interest; and

E. Such further relief as may be necessary and appropriate.

## TRIAL BY JURY

Plaintiff requests a jury trial on all issues so triable.

Dated: May 4, 2020

Respectfully Submitted:

*signature*

Gregg C. Greenberg, VA Bar No. 79610
ggreenberg@zagfirm.com
ZIPIN, AMSTER & GREENBERG
8757 Georgia Ave., Suite 400
Silver Spring, MD 20910
Telephone: (301) 587-9373
Facsimile: (240) 839-9142

*Counsel for Plaintiff and the FLSA Collective*